THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
           justin.rhoades@usdoj.gov
           jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> |
| v. | ) <u>MARGARITO LOPEZ CUEVAS</u> |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) |
| Defendants. | ) |

    1.  This constitutes the plea agreement between MARGARITO
LOPEZ CUEVAS, aka "Tio Ronquis" ("defendant") and the United
States Attorney's Office for the Central District of California
("the USAO") in the above-captioned case.  This agreement is
limited to the USAO and cannot bind any other federal, state or
local prosecuting, administrative or regulatory authorities.

//

//

1                            PLEA

2        2.   Defendant agrees to plead guilty to count one of the

3   First Superseding Indictment in United States v. Ramon Narciso

4   Mendoza, et al., CR No. 09-230(A)-SVW.

5                       NATURE OF THE OFFENSE

6        3.   In order for defendant to be guilty of count one,

7   which charges a violation of Title 21, United States Code,

8   Section 846, the following must be true:

9             a.   Defendant entered into an agreement with at least

10  one other person to commit the crime of distribution of heroin;

11  and

12            b.   Defendant became a member of the conspiracy knowing

13  of at least one of its objects and intending to help accomplish

14  it.

15       4.   Moreover, in order for defendant to be subject to the

16  statutory maximum and statutory minimum sentence set forth below,

17  the government must prove beyond a reasonable doubt that the

18  conspiracy of which defendant was a part had, as an object, the

19  distribution of at least 1 kilogram of a mixture or substance

20  containing a detectable amount of heroin, a schedule I narcotic

21  controlled substance.  Defendant admits that the conspiracy of

22  which defendant was a part did, in fact, have as an object the

23  distribution of at least 1 kilogram of a mixture or substance

24  containing a detectable amount of heroin, as described in count

25  one of the First Superseding Indictment.

26  //

27  //

28  //

                                2

<u>PENALTIES</u>

5.   The statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code Section 846 is: lifetime imprisonment, a lifetime period of supervised release, a fine of $4,000,000, and a mandatory special assessment of $100.

6.   Absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for this violation of Title 21, United States Code, Section 846 is: 10 years imprisonment, a 5-year term of supervised release, and a mandatory special assessment of $100.

7.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9.   Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social

1 Security Act or Federal Food Stamp Act and will not be eligible
2 for federal food stamp program benefits; furthermore, any such
3 benefits or assistance received by defendant's family members
4 will be reduced to reflect defendant's ineligibility.

5     10.  Defendant further understands that the conviction in
6 this case may subject defendant to various collateral
7 consequences, including but not limited to deportation,
8 revocation of probation, parole, or supervised release in another
9 case, and suspension or revocation of a professional license.
10 Defendant understands that unanticipated collateral consequences
11 will not serve as grounds to withdraw defendant's guilty plea.

12                       FACTUAL BASIS

13     11.  Defendant and the USAO agree and stipulate to the
14 statement of facts provided below.  This statement of facts is
15 sufficient to support a plea of guilty to the charge described in
16 this agreement and to establish the sentencing guideline factors
17 set forth in paragraph 14 below.  It is not meant to be a
18 complete recitation of all facts relevant to the underlying
19 criminal conduct or all facts known to either party that relate
20 to that conduct.

21     Beginning on a date unknown and continuing through March 24,
22 2009, defendant knowingly and intentionally conspired to sell
23 more than 1 kilogram of heroin with members of the heroin
24 distribution organization led by the Mendoza family in East Los
25 Angeles.  Specifically, defendant agreed to and did receive
26 heroin from various co-defendants and then, together with others,
27 sold it in the Los Angeles area.  Defendant acted as a delivery
28 agent for two co-defendants, delivering heroin to individuals who

4

1  would then resell the heroin to users.  Defendant would deliver

2  heroin on a daily basis to multiple people, with the heroin

3  packaged in multicolored balloons for individual distribution.

4  For instance, on January 17, 2009, defendant delivered

5  approximately 17.65 grams of heroin to a co-defendant; on

6  February 3, 2009, defendant delivered approximately 10.13 grams

7  of heroin to a co-defendant, approximately 28.1 grams of heroin

8  to two other co-defendants, and a quantity of heroin to yet

9  another co-defendant; on February 17, 2009, defendant delivered

10  approximately 58.3 grams of heroin to a co-defendant; on February

11  18, 2009, defendant delivered approximately 42.09 grams of heroin

12  to a co-defendant; and on February 20, 2009, defendant delivered

13  approximately 26.1 grams of heroin to a co-defendant.  On March

14  24, 2009, defendant, together with others, possessed

15  approximately 596.36 grams of heroin, approximately $13,652 in

16  United States currency, "pay and owe" sheets, bags of empty

17  multicolored balloons, and empty sandwich baggies at a residence

18  in Lynwood, California.

19      Defendant admits he knew that the substance he conspired to

20  and did possess and distribute was heroin.  Defendant further

21  admits that he knew that the conspiracy to sell heroin included

22  an agreement to sell more than 1 kilogram but less than 3

23  kilograms of heroin.

24                    WAIVER OF CONSTITUTIONAL RIGHTS

25      12.  By pleading guilty, defendant gives up the following

26  rights:

27          a) The right to persist in a plea of not guilty.

28          b) The right to a speedy and public trial by jury.

5

1    c) The right to the assistance of legal counsel at
2 trial, including the right to have the Court appoint counsel for
3 defendant for the purpose of representation at trial.  (In this
4 regard, defendant understands that, despite his plea of guilty,
5 he retains the right to be represented by counsel -- and, if
6 necessary, to have the court appoint counsel if defendant cannot
7 afford counsel -- at every other stage of the proceeding.)
8    d) The right to be presumed innocent and to have the
9 burden of proof placed on the government to prove defendant
10 guilty beyond a reasonable doubt.
11    e) The right to confront and cross-examine witnesses
12 against defendant.
13    f) The right, if defendant wished, to testify on
14 defendant's own behalf and present evidence in opposition to the
15 charges, including the right to call witnesses and to subpoena
16 those witnesses to testify.
17    g) The right not to be compelled to testify, and, if
18 defendant chose not to testify or present evidence, to have that
19 choice not be used against defendant.
20    By pleading guilty, defendant also gives up any and all
21 rights to pursue any affirmative defenses, Fourth Amendment or
22 Fifth Amendment claims, and other pretrial motions that have been
23 filed or could be filed.

### SENTENCING FACTORS

25    13.  Defendant understands that the Court is required to
26 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
27 including the kinds of sentence and sentencing range established
28 under the United States Sentencing Guidelines ("U.S.S.G." or

6

1  "Sentencing Guidelines"), in determining defendant's sentence.

2  Defendant further understands that the Sentencing Guidelines are

3  advisory only, and that after considering the Sentencing

4  Guidelines and the other § 3553(a) factors, the Court may be free

5  to exercise its discretion to impose any reasonable sentence up

6  to the maximum set by statute for the crime of conviction.

7       14.   Defendant and the USAO agree and stipulate to the

8  following Sentencing Guidelines factors, applicable at the time

9  of signing of this Agreement:

10      Base Offense Level  :    <u>32</u>   U.S.S.G. § 2D1.1(c)(4)

11      Acceptance of
        Responsibility      :    -3   U.S.S.G. § 3E1.1
12

13  Defendant and the USAO further agree and stipulate that <u>**if**</u>

14  <u>**defendant meets the criteria set forth in subdivisions (1)-(5) of**</u>

15  <u>**subsection (a) of U.S.S.G. § 5C1.2**</u>, the following Sentencing

16  Guidelines factors will apply:

17      Base Offense Level  :    <u>32</u>   U.S.S.G. § 2D1.1(c)(4)

18      "Safety Valve"      :    -2   U.S.S.G. § 2D1.1(b)(11)

19      Acceptance of
        Responsibility      :    -3   U.S.S.G. § 3E1.1
20

21      Total Offense Level :    27

22  Defendant and the USAO reserve the right to argue that additional

23  specific offense characteristics, adjustments, and departures

24  under the Sentencing Guidelines are appropriate.  Defendant also

25  understands that defendant's base offense level could be

26  increased if defendant is a career offender under U.S.S.G.

27  §§ 4B1.1 and 4B1.2.  In the event that defendant's offense level

28  is so altered, the parties are not bound by the base offense

                              7

1  level stipulated to above.

2      15.  The parties agree that:

3          a)   Defendant did not use violence or credible threats

4  of violence or possess a firearm or other dangerous weapon (or

5  induce another participant to do so) in connection with the

6  offense;

7          b)   The offense did not result in death or serious

8  bodily injury to any person; and

9          c)   Defendant was not an organizer, leader, manager,

10 or supervisor of others in the offense and was not engaged in a

11 continuing criminal enterprise.

12     16.  There is no agreement as to defendant's criminal

13 history or criminal history category.

14     17.  Defendant and the USAO, pursuant to the factors set

15 forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and

16 (a)(7), further reserve the right to argue for a sentence outside

17 the sentencing range established by the Sentencing Guidelines.

18     18.  The stipulations in this agreement do not bind either

19 the United States Probation Office or the Court.  Both defendant

20 and the USAO are free to: (a) supplement the facts by supplying

21 relevant information to the United States Probation Office and

22 the Court, (b) correct any and all factual misstatements relating

23 to the calculation of the sentence, and (c) argue on appeal and

24 collateral review that the Court's Sentencing Guidelines

25 calculations are not error, although each party agrees to

26 maintain its view that the calculations in paragraph 14 are

27 consistent with the facts of this case.

28 //

1                         DEFENDANT'S OBLIGATIONS

2        19.   Defendant agrees that he will:

3             a) Plead guilty as set forth in this agreement.

4             b) Not knowingly and willfully fail to abide by all
5   sentencing stipulations contained in this agreement.

6             c) Not knowingly and willfully fail to: (i) appear for
7   all court appearances, (ii) surrender as ordered for service of
8   sentence, (iii) obey all conditions of any bond, and (iv) obey
9   any other ongoing court order in this matter.

10            d) Not commit any crime; however, offenses which would
11  be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are
12  not within the scope of this agreement.

13            e) Not knowingly and willfully fail to be truthful at
14  all times with Pretrial Services, the U.S. Probation Office, and
15  the Court.

16            f) Pay the applicable special assessment at or before
17  the time of sentencing unless defendant lacks the ability to pay
18  and submits a completed financial statement (form OBD-500) to the
19  USAO prior to sentencing.

20                        THE USAO'S OBLIGATIONS

21       20.   If defendant complies fully with all defendant's
22  obligations under this agreement, the USAO agrees:

23            a) To abide by all sentencing stipulations contained in
24  this agreement.

25            b) At the time of sentencing to move to dismiss the
26  remaining counts of the indictment as against defendant.
27  Defendant agrees, however, that at the time of sentencing the
28  Court may consider the dismissed counts in determining the

1  applicable Sentencing Guidelines range, where the sentence should
2  fall within that range, the propriety and extent of any departure
3  from that range, and the determination of the sentence to be
4  imposed after consideration of the Sentencing Guidelines and all
5  other relevant factors under 18 U.S.C. § 3553(a).

6          c) At the time of sentencing, provided that defendant
7  demonstrates an acceptance of responsibility for the offense up
8  to and including the time of sentencing, to recommend a two-level
9  reduction in the applicable sentencing guideline offense level,
10 pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,
11 move for an additional one-level reduction if available under
12 that section.

13                          <u>BREACH OF AGREEMENT</u>

14     21.  If defendant, at any time after the execution of this
15 agreement, knowingly violates or fails to perform any of
16 defendant's agreements or obligations under this agreement ("a
17 breach"), the USAO may declare this agreement breached.  If the
18 USAO declares this agreement breached at any time following its
19 execution, and the Court finds such a breach to have occurred,
20 then: (a) if defendant has previously entered a guilty plea,
21 defendant will not be able to withdraw the guilty plea, and (b)
22 the USAO will be relieved of all of its obligations under this
23 agreement.

24     22.  Following the Court's finding of a knowing and willful
25 breach of this agreement by defendant, should the USAO elect to
26 pursue any charge that was either dismissed or not filed as a
27 result of this agreement, then:

28 //

                                    10

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

<u>LIMITED MUTUAL WAIVER OF APPEAL</u>

23. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 29, and the applicable criminal history category as determined by the Court.

1  Notwithstanding the foregoing, defendant retains any ability
2  defendant has to appeal the conditions of supervised release
3  imposed by the Court, with the exception of the following:
4  conditions set forth in General Orders 318, 01-05, and/or 05-02
5  of this Court; the drug testing conditions mandated by 18 U.S.C.
6  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use
7  conditions authorized by 18 U.S.C. § 3563(b)(7).

8      24.  The USAO gives up its right to appeal the sentence,
9  provided that (a) the sentence is within the statutory minimum
10 and maximum specified above and is constitutional, and (b) the
11 Court imposes a sentence within or above the range corresponding
12 to a total offense level of 29, and the applicable criminal
13 history category as determined by the Court.

14                 RESULT OF VACATUR, REVERSAL OR SET-ASIDE

15     25.  Defendant agrees that if any count of conviction is
16 vacated, reversed, or set aside, the USAO may: (a) ask the Court
17 to resentence defendant on any remaining counts of conviction,
18 with both the USAO and defendant being released from any
19 stipulations regarding sentencing contained in this agreement,
20 (b) ask the Court to void the entire plea agreement and vacate
21 defendant's guilty plea on any remaining count of conviction,
22 with both the USAO and defendant being released from all of their
23 obligations under this agreement, or (c) leave defendant's
24 remaining conviction, sentence, and plea agreement intact.
25 Defendant agrees that the choice among these three options rests
26 in the exclusive discretion of the USAO.
27 //
28 //

1                    COURT NOT A PARTY

2        26.   The Court is not a party to this agreement and need not

3   accept any of the USAO's sentencing recommendations or the

4   parties' stipulations.   Even if the Court ignores any sentencing

5   recommendation, finds facts or reaches conclusions different from

6   any stipulation, and/or imposes any sentence up to the maximum

7   established by statute, defendant cannot, for that reason,

8   withdraw defendant's guilty plea, and defendant will remain bound

9   to fulfill all defendant's obligations under this agreement.   No

10  one -- not the prosecutor, defendant's attorney, or the Court --

11  can make a binding prediction or promise regarding the sentence

12  defendant will receive, except that it will be within the

13  statutory maximum.

14                  NO ADDITIONAL AGREEMENTS

15       27.   Except as set forth herein, there are no promises,

16  understandings or agreements between the USAO and defendant or

17  defendant's counsel.   Nor may any additional agreement,

18  understanding or condition be entered into unless in a writing

19  signed by all parties or on the record in court.

20        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

21       28.   The parties agree and stipulate that this Agreement

22  will be considered part of the record of defendant's guilty plea

23  hearing as if the entire Agreement had been read into the record

24  of the proceeding.

25  //

26  //

27  //

28  //

1    This agreement is effective upon signature by defendant and

2  an Assistant United States Attorney.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

5
   THOMAS P. O'BRIEN
6  United States Attorney

7

8  ARIEL A. NEUMAN                    Date
   JUSTIN RHOADES
9  JEFF MITCHELL
   Assistant United States Attorneys

10

11    This agreement has been read to me in **Spanish**, the language

12  I understand best.  I have carefully discussed every part of this

13  agreement with my attorney.  I understand the terms of this

14  agreement, and I voluntarily agree to those terms.  My attorney

15  has advised me of my rights, of possible defenses, of the

16  sentencing factors set forth in 18 U.S.C. § 3553(a), of the

17  relevant Sentencing Guidelines provisions, and of the

18  consequences of entering into this agreement.  No promises or

19  inducements have been given to me other than those contained in

20  this agreement.  No one has threatened or forced me in any way to

21  enter into this agreement.  Finally, I am satisfied with the

22  representation of my attorney in this matter.

23

   MARGARITO LOPEZ CUEVAS                Date
24  Defendant

25  //

26  //

27  //

28  //

1    This agreement is effective upon signature by defendant and

2  an Assistant United States Attorney.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

5
   THOMAS P. O'BRIEN
6  United States Attorney

7

8  _____          _____
   ARIEL A. NEUMAN                             Date
   JUSTIN RHOADES
9  JEFF MITCHELL
   Assistant United States Attorneys
10

11    This agreement has been read to me in **Spanish**, the language

12  I understand best.  I have carefully discussed every part of this

13  agreement with my attorney.  I understand the terms of this

14  agreement, and I voluntarily agree to those terms.  My attorney

15  has advised me of my rights, of possible defenses, of the

16  sentencing factors set forth in 18 U.S.C. § 3553(a), of the

17  relevant Sentencing Guidelines provisions, and of the

18  consequences of entering into this agreement.  No promises or

19  inducements have been given to me other than those contained in

20  this agreement.  No one has threatened or forced me in any way to

21  enter into this agreement.  Finally, I am satisfied with the

22  representation of my attorney in this matter.

23  _____          2·11·10
   MARGARITO LOPEZ CUEVAS                      Date
24  Defendant

25  //

26  //

27  //

28  //

1   I, _Cynthia Parker_, am fluent in written and spoken

2  English and Spanish languages.  I accurately translated this

3  entire agreement from English into Spanish to defendant MARGARITO

4  LOPEZ CUEVAS on this date.

5  _____          _____
6  Interpreter                        Date

7      I am MARGARITO LOPEZ CUEVAS' attorney.  I have carefully

8  discussed every part of this agreement with my client.  Further,

9  I have fully advised my client of his rights, of possible

10 defenses, of the sentencing factors set forth in 18 U.S.C.

11 § 3553(a), of the relevant Sentencing Guidelines provisions, and

12 of the consequences of entering into this agreement.  To my

13 knowledge, my client's decision to enter into this agreement is

14 an informed and voluntary one.

15

16 _____          _2. 11/0_____
17 BRIAN A. NEWMAN                     Date
   Counsel for Defendant
   MARGARITO LOPEZ CUEVAS
18

19

20

21

22

23

24

25

26

27

28